IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kevin Bryant, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No.: 6:22-cv-00005-TLW |
| vs. ) | |
| ) | |
| Lt. Waldrop, Sgt. Freeman, ) | **ORDER** |
| Sgt. Chandler, Sgt. Boccabello, ) | |
| Lt. D. Burzinski, and ) | |
| Deputy Warden Palmer, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Kevin Bryant proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights by the above-named defendants. ECF No. 1. This matter now comes before this Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Kevin F. McDonald, to whom this case was previously assigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02, (D.S.C.). ECF No. 72. Plaintiff has filed objections to the Report. ECF Nos. 75 & 76. Accordingly, this matter is ripe for review.

Plaintiff brings this action pursuant to § 1983. ECF No. 1. Plaintiff is currently a state prisoner currently incarcerated at Lieber Correctional Institution in Ridgeville, South Carolina. ECF No. 59–1 at 1. At the time of the alleged constitutional violations, he was incarcerated at Perry Correctional Institution in Pelzer, South Carolina. *Id.* Plaintiff's complaint raised an excessive force claim against certain Perry staff members, along with other claims against other defendants. ECF No. 72.

The Report notes that the crux of Plaintiff's complaint is his assertion that the

named defendants violated his constitutional rights during the course of a self-described "psychotic episode" wherein Plaintiff smeared feces on himself and his cell. *Id.* at 2. Plaintiff was removed from his cell by Perry's Force Cell Movement Team ("the FCM Team") and alleges that he was then "horse marched" by the officers to another cell where he was slammed on the floor and pinned down by the officers, and a chain was applied to his handcuffs and shackles, "hog-tied style." *Id.* at 2–3. He further alleges that the chain was so tight that his hands and knees were pulled into his chest and that his handcuffs and shackles cut into his wrists and ankles, causing him to bleed and scream in pain. *Id.* at 3.

Defendants filed for summary judgment. They argued that they used an appropriate level of force in a good faith effort to maintain or restore discipline and that the force employed was not maliciously or sadistically used for the purpose of causing harm to the plaintiff. ECF No. 59. They note the significant circumstances in play, that Plaintiff was smearing feces on himself and his cell, urinating on the floor and into the hall, exposing staff to bodily fluids, and stating he would not stop this behavior until he was killed or until he had killed a staff member. ECF No. 59–1. Submitted with Defendants' summary judgment motion were affidavits from some of the defendants, an incident reports, and videos of Plaintiff's removal, restraint, and post-restraint interactions with Defendants. *Id.* As summarized by the magistrate judge, the videos report the incident as follows:

> [A]t approximately 3:30 p.m., the FCM Team assembled in response to the plaintiff's conduct and threats from within his cell. [Defendant] Harper, a Perry mental health worker, conducted conflict resolution with the plaintiff at his cell door, and he agreed to be restrained and removed from his cell. The FCM Team moved in and opened the cell door, and the plaintiff exited without incident. He was then escorted to a nearby room, where he was given a brief medical evaluation before being escorted to an

> observation cell The video shows the plaintiff being seated on a bed while the restraints were applied, briefly complaining that they were too tight on his wrists. Once the restraints were in place, the plaintiff is shown to lay back on the bed, and the FCM Team leaves the room. The plaintiff was then placed under constant observation. Approximately an hour later, after the plaintiff's cell was cleaned of feces and the plaintiff exhibited no further disruptive behavior, the FCM Team reassembled and re-entered the observation cell and removed the hard restraints. The plaintiff was then escorted to medical for another evaluation by Nurse Potts before being returned to his cell. There, he entered his cell without resistance, and placed his hands through the cuffing portal in the cell door for his handcuffs to be removed. The videos reflect that the entire incident lasted less than two hours, including the one hour of observation. Except for his brief complaint about the tightness of his wrist restraints, the plaintiff is not heard to complain or show any painful reaction throughout the incident. Nurse Potts appears at the end of the final video, confirming she had evaluated the plaintiff and cleared him medically for his return to his cell. She also stated that she checked the tightness of his cuffs and found that she could put her finger between the plaintiff's wrist and the handcuff.

*Id.* 4–5.

Plaintiff moved that he be allowed to review the video recordings made by Defendants. ECF No. 53. The magistrate judge granted this motion, and Plaintiff reviewed the four videos submitted by Defendants. ECF No. 54. These videos show: (1) plaintiff's removal from his cell and his escort to another room for a medical evaluation. (2) his escort to an observation cell and the application of hard restraints, (3) the return of the plaintiff to the medical evaluation room, and (4) the return of Plaintiff to his cell. ECF No. 58, videos 1–4.[1]

Plaintiff was given 31 days to file his opposition to Defendants' summary judgment motion. ECF No. 61. The magistrate judge then gave Plaintiff a further 38 days to file his opposition. ECF No. 69. Plaintiff did not timely file any opposition to

---

[1] The Court has reviewed the video recordings and concludes the magistrate judge's summary is accurate.

Defendants' summary judgment motion, despite having both reviewed the videos and been given 69 days to respond.

In his Report, the magistrate judge carefully reviewed Plaintiff's claims in accordance with both the standards for summary judgment and excessive force. ECF No. 72 at 6. The Report notes that, "[i]n order to recover on an Eighth Amendment excessive force claim, a plaintiff must establish that the 'prison official acted with a sufficiently culpable state of mind (subjective component); and [that] the deprivation suffered or injury inflicted on the inmate was sufficiently serious (objective component).'" *Id.* (quoting *Iko v. Shreve*, 535 F.3d 225, 238 (4th Cir. 2008)). In applying this standard, the magistrate judge concluded that Defendants are entitled to summary judgment based on the evidence of record. *Id.* at 7. Specifically, the magistrate judge noted that,

> While the plaintiff alleges he was then "horse marched" by the officers to another cell where he was "slammed on the floor and pinned down," the video shows no such thing. Instead, the plaintiff is shown to have been escorted through the hallway in an orderly manner with no resistance, all the while remaining on his feet until he was seated on the bed in the observation cell. Further, contrary to the plaintiff's allegations that the applied restraints caused him to bleed and scream in pain, the video shows only a brief period when the restraints were being applied that the plaintiff complains of tightness, and the plaintiff is not shown to be screaming or otherwise exhibiting as experiencing any serious pain. Further, as summarized by Nurse Potts following the concluding medical evaluation, the plaintiff did not suffer any injuries from his restraints during the incident.

*Id.* Given this uncontradicted evidence, the Report concludes that Plaintiff has failed to meet both the objective prong and the subjective prong required for establishing an excessive force claim. *Id.* at 7–8. Accordingly, the magistrate judge recommends granting Defendants' motion for summary judgment. *Id.* at 8.

Plaintiff's objections to the Report were due on February 17, 2023. ECF No. 72. Plaintiff did not timely file objections. However, he did belatedly file both a response to Defendants' motion for summary judgment and objections to the Report. ECFs No. 75 & 76. These documents are identical, are mail stamped February 22, 2023 (for purposes of *Houston v. Lack*), and dated February 16, 2023 by Petitioner. *Id.* Accordingly, the Court will construe them as (i) objections to the Report and (ii) consider them as a response to Defendants' motion for summary judgment.

The Court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's Report and Recommendation to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In conducting its review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections.... The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in *Wallace*, the Court has reviewed, *de novo*, the Report, the Plaintiff's objections and response to the motion for summary judgment, and his additional filings. Plaintiff's objections do not go to the substance of the Report

but, instead, reallege his allegations of excessive force. ECF Nos. 75 & 76. Similarly, Plaintiff's motion responding to Defendants' motion for summary judgment provides no basis to conclude summary judgment in favor of Defendants should be denied. As noted in the Report, these allegations are conclusively rebutted by the videos of the incident. The videos do not show use of excessive force or that Plaintiff suffered injury. Plaintiff was medically evaluated by a nurse who cleared him to return to his cell. After careful consideration, the Court concludes that Plaintiff's objections are repetitive and offer no showing, either factually or legally, that Defendants' motion for summary judgment should not be granted. Therefore, **IT IS ORDERED** that the Report, ECF No. 72, is **ACCEPTED**, and Plaintiff's objections, ECF Nos. 75 & 76, are **OVERRULED**. For the reasons stated in the Report, Defendants' motion for summary judgment, ECF No. 59, is **GRANTED.**

    **IT IS SO ORDERED**.

                                                  *s/Terry L. Wooten*
                                                  Senior United States District Judge

June 22, 2023
Columbia, South Carolina